**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| SANDY N. WEBB,                       | * |                              |
| Plaintiff,                           | * |                              |
| v.                                   | * | Civil Case No.: ELH-11-2105  |
| GREEN TREE SERVICING LLC,            | * |                              |
| Defendant.                           | * |                              |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This Memorandum and Order[1] addresses Plaintiff[2] Sandy N. Webb's Motion for Protective Order, ECF No. 51; Third Party Defendant Five Brothers Mortgage Company Services and Securing, Inc.'s Response in Opposition to Plaintiff's Motion to Compel, ECF No. 57; and Defendant Green Tree Servicing LLC's Opposition to Plaintiff's Motion, ECF No. 59. Plaintiff has not submitted a reply and the time for doing so has passed. *See* D. Md. Loc. R. 105.2.a. For the reasons stated herein, Plaintiff's motion is DENIED. Accordingly, this Memorandum and Order disposes of ECF Nos. 51, 57, and 59.

In the present motion, Plaintiff requests that the Court issue a protective order permitting her deposition to occur by telephone, so that she may avoid traveling from her home in Oregon to attend an in-person deposition in Maryland. *See* Pl.'s Mot. 1, 3. Plaintiff states that she "has

---

[1] Judge Hollander referred this case to me for all discovery disputes and related scheduling matter on June 15, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 56. Also pending is Plaintiff's Letter Motion to Compel, ECF No. 55. Defendant filed its response on July 2, 2012. ECF No. 59. The time in which Plaintiff may reply has not yet expired. I will rule on the motion once the briefing is complete or the deadline has passed.

[2] Although proceeding *pro se* in this litigation, Plaintiff is an attorney.

already spent the money and taken the time to travel to Maryland on two occasions"—once for a deposition of one of Plaintiff's witnesses and once for a settlement conference. *See id.* at 1–2. Defendants did not, Plaintiff maintains, "avail themselves of those opportunities" to conduct her deposition, and "has put forth no compelling reason to need a face-to-face confrontation for the deposition." *Id.* at 1. Moreover, Plaintiff argues that, as a solo practitioner, she "cannot afford . . . financially or logistically to be required to spend large sums of time and money" to return to Maryland for her deposition. In Plaintiff's view, Defendants have displayed an "inability or unwillingness to get depositions completed in a manner that does not seriously increase the need for travel and the cost of discovery," with the intent "to maximize cost to Plaintiff as a deterrent to [her ability] to bring suit." *Id.* at 2. Accordingly, Plaintiff asks the Court to issue a protective order allowing for her deposition to occur by telephone from Oregon. *See id.* at 3. Plaintiff notes, additionally, that she "will not object if Defendant selects to conduct the deposition by . . . live video feed . . . , as long as such method of recording is completed at their expense." *Id.*

Defendant Green Tree Servicing LLC opposes Plaintiff's motion on several grounds. First, Defendant argues that Plaintiff's request "ignore[s] the firmly established rule that, absent a showing of good cause, Plaintiff is required to appear for a deposition in her chosen forum." Def.'s Opp'n 1. Plaintiff has chosen Maryland as the forum for this litigation, Defendant states, and absent good cause, she must be required to attend her deposition in Maryland. *See id.* at 2–3. Second, Defendant maintains that Plaintiff's claims of burden are little more than "'naked assertions.'" *Id.* at 3–4 (quoting *Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 159 (D.P.R. 1973)). Except for "her own conclusory statements," Defendant argues, "Plaintiff has failed to provide any facts or figures substantiating her claim that a deposition in Maryland would be unduly burdensome." *Id.* at 4. Moreover, in Defendant's view, the minor cost of

traveling from Oregon to Baltimore, when compared to the amount Plaintiff seeks in this litigation, does not present the type of undue burden necessary for issuance of a protective order. *See id.* at 4–5. Thus, Defendant argues, Plaintiff has not established good cause. *See id.* at 2. Third, even if Plaintiff had established good cause, Defendant asserts that it would be prejudiced if Plaintiff's deposition were conducted by telephone. *Id.* at 5. According to Defendant, deposition by telephone is both impractical, given the large number of documents Defendant intends to discuss with Plaintiff during the deposition, and less effective, as Defendant would be unable "to observe the demeanor and facial expresses of Plaintiff in person." *See id.* at 5–6.

Third Party Defendant Five Brothers Mortgage Company Services and Securing Inc. ("Five Brothers") largely concurs with the points made in Defendant's opposition. *See* Five Bros. Resp. ¶¶ 5–11. In addition, Five Brothers states that it "need[s] to videotape Plaintiff's deposition for trial," which will require Plaintiff to "be present live and in person." *Id.* ¶ 12. Thus, according to Five Brothers, issuance of a protective order permitting Plaintiff's deposition to occur "without her being physically present" would be prejudicial. *Id.*

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Under that rule, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery."[3] Fed. R. Civ. P. 26(c)(1)(B). The party moving for a protective order bears the burden of establishing good cause. *Minter v.*

---

[3] The rule also requires that a motion for a protective order include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* D. Md. Loc. R. 104.7; Loc. R. App. A, Guideline 1.f. No such certification was included with Plaintiff's Motion for Protective Order. *See* Loc. R. 101.a ("Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and [the federal rules]."). Moreover, Plaintiff is an attorney, *see* Pl.'s Mot. 2; Five Bros. Resp. ¶¶ 3 & 8, and as such, certainly should be aware of the Local Rules and Discovery Guidelines adopted by this Court.

*Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009); *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 221 (N.D.W. Va. 2007). In so doing, the moving party "may not rely upon 'stereotyped and conclusory statements.'" *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2035 (2d ed. 1994)). Instead, the movant "must present a 'particular and specific demonstration of fact' as to why a protective order should issue." *Id.* (quoting Wright et al., *supra*, § 2035). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'" *Id.* (quoting *Merit Indus., Inc. v. Feuer*, 201 F.R.D. 382, 384–85 (E.D. Pa. 2001)). Thus, "the standard for issuance of a protective order is high." *Minter*, 258 F.R.D. at 125; *see Natanzon*, 240 F.R.D. at 202 (noting that Rule 26(c)'s good cause requirement "creates a rather high hurdle" for the moving party). As I explain below, on the record before me, I do not find that Plaintiff has satisfied her burden of establishing good cause.

Plaintiff states only that she has expended unquantified "large sums" of time and money traveling to Maryland for purposes of this litigation, and argues, without additional detail, that she should not "be required to spend large sums of time and money" to return for the deposition. *See* Pl.'s Mot. 1–2. Beyond these "'stereotyped and conclusory statements,'" *see Natanzon*, 240 F.R.D. at 202 (quoting Wright et al., *supra*, § 2035), Plaintiff makes no particularized or specific demonstrations of fact that support her contention that an in-person deposition would be unduly burdensome. Moreover, Plaintiff, by initiating this lawsuit, selected this forum. Generally, plaintiffs "must make themselves 'available for examination in the district in which suit was brought.'"[4] *EEOC v. Denny's Inc.*, No. WDQ-06-2527, 2009 WL 3246940, at *1 (D. Md. Oct.

---

[4] In some circumstances, "plaintiffs remote from the litigation forum may also elect to be deposed near their residences." *Denny's, Inc.*, 2009 WL 3246940, at *1 (citing Wright & Miller, *supra*, § 2112) ("[E]xamination [of a plaintiff] has been ordered held elsewhere when [the]

2, 2009) (quoting 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2112 (2d ed. 2009)). This rule "is based on the rationale that the plaintiff has selected the forum and should not be heard to complain about having to appear there for a deposition." *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012). As noted, Plaintiff has "not made any representation regarding her financial situation," other than to note that she is employed as a solo practitioner. *See McGinley v. Barratta*, No. 06-510, 2006 WL 2346301, at *2 (E.D. Pa. Aug. 11, 2006). Thus, she has "not shown why the inconvenience and expense for [her] in this case is any greater than it would be in the majority of cases which form the general rule . . . that a plaintiff is expected to appear for deposition in the forum . . . she selected." *Id.*; *see also Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006) ("Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted."). Accordingly, I find that Plaintiff has failed to establish the good cause necessary for imposition of a protective order requiring that her deposition occur remotely.

Moreover, even were I to find, *arguendo*, that Plaintiff has established good cause, I find that conducting the deposition by telephone would prejudice the opposing parties. *See PMW Prods., Inc. v. Atlas Alchem Plastics, Inc.*, No. 5:95-CV-16BR(3), 1995 WL 843954, at *1

---

plaintiff was physically and financially unable to come to the forum, when to do so would cause hardship to the plaintiff, and when it would be simpler and fairer to take his or her deposition at his or her place of residence."). In the present case, however, Plaintiff has failed to make a particularized showing that she is physically or financially unable to come to the forum, or that to do so would cause her undue hardship. Additionally, it is not "simpler and fairer" to take Plaintiff's deposition in Oregon, since it would require defense counsel to do the very act that Plaintiff seeks to avoid—travel across the country for a deposition. Having failed to establish that "travel to the forum district for [her] deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair," *see In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010), I do not find that Plaintiff has demonstrated that the deposition should be conducted in her home state rather than the forum state.

5

(E.D.N.C. Oct. 16, 1996) (explaining that, if a party establishes good cause for conducting a deposition by remote means, the burden shifts to the opposing party to show why it should not); *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591, 592 (S.D.N.Y. 1994) (indicating that a decision regarding whether depositions should be conducted by remote means "rests in the discretion of the court and there must be a careful weighing of the relevant facts").

Fed. R. Civ. P. 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Where a party opposes a motion requesting that a deposition be conducted by remote means, it must make a "particularized showing" of prejudice. *Jahr v. IU Intern. Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986). The opposing parties have made that showing. First, Defendant and Third Party Defendant Five Brothers intend to refer to numerous documents during their deposition of Plaintiff, and believe that it would be difficult, if not entirely ineffective, to examine Plaintiff about those documents over the telephone. *See* Def.'s Opp'n 5–6; Five Bros. Resp. ¶ 10. Moreover, the defending parties state that the documents to be discussed at the deposition are central to the case and their defenses. *See* Five Bros. Resp. ¶ 10. Courts have held that the "existence of voluminous documents which are central to a case," and which the party intends to discuss with the deponent, "may preclude a telephonic deposition." *Cressler v. Neuenschwander*, 170 F.R.D. 20, 22 (D. Kan. 1996); *Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 Civ. 1890 (SWK), 1994 WL 583173, at *1 (S.D.N.Y. Oct. 21, 1994). I find that argument to be a persuasive ground for denying the request for a telephonic deposition.

Second, the opposing parties state that they would "be prejudiced by the inability to observe the demeanor and facial expressions of Plaintiff in person." Def.'s Opp'n 6; Five Bros. Resp. ¶ 11. Indeed, a "party's ability to see a key witness and judge his demeanor are important

considerations in the decision to permit a telephonic deposition." *Cressler*, 170 F.R.D. at 21. But, "telephonic depositions inherently lack face-to-face questioning, and to deny a request to conduct a telephonic deposition solely because of the opponent's inability to observe the witness would be tantamount to repealing" Fed. R. Civ. P. 30(b)(4). *Id.* (citing *Jahr*, 109 F.R.D. at 432). In the present case, however, the deposition at issue is the deposition of Plaintiff, and, as Defendant notes, "will likely involve vigorously disputed factual issues that go to the heart of the parties' claims and defenses." Def.'s Opp'n 6; *see Dieng v. Hilton Grand Vacations Co., LLC*, No. 2:01-cv-01723, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011) ("Telephonic depositions are not recommended for obtaining controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness.") (citing William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 11.443 (1997)). Based on these two considerations, I find that the defending parties would be prejudiced were I to issue a protective order requiring that Plaintiff's deposition be conducted by telephone.

In light of the foregoing, Plaintiff's Motion for Protective Order is DENIED. While the Court may order that a deposition be taken by telephone or other remote means, *see* Fed. R. Civ. P. 30(b)(4), I do not find that such an order is appropriate in this case. Consequently, Plaintiff will be required to appear in Maryland for her deposition.


Dated: <u>July 16, 2012</u>                                          /S/
                                                           Paul W. Grimm
                                                           United States Magistrate Judge

hlw