**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |
|---|---|
| SANDY N. WEBB, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: ELH-11-2105 |
| GREEN TREE SERVICING LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This Memorandum and Order[1] addresses Plaintiff Sandy N. Webb's Letter Motion to Compel Discovery Responses, ECF No. 55; and Defendant Green Tree Servicing LLC's Opposition, ECF No. 59.  Plaintiff has not filed a reply and the time for doing so has passed.  *See* D. Md. Loc. R. 105.2.a.  For the reasons explained below, Plaintiff's Motion is DENIED. Accordingly, this Memorandum and Order disposes of ECF Nos. 56 and 59.

**I.   BACKGROUND**

This case involves Plaintiff's allegations that Defendant, who holds the mortgage on residential real property owned by Plaintiff, took various actions that resulted in Plaintiff losing rental income and falling further into delinquency on her mortgage.  *See* June 7, 2012 Mem. Op., ECF No. 52 (discussing Plaintiff's viable claims).  In her Motion to Compel, Plaintiff requests that the Court order Defendant to respond to two of her document production requests, Nos. 20 and 22, for which Defendant originally supplied non-specific, boilerplate objections.  Pl.'s Mot.

---

[1] Judge Hollander referred this case to me for discovery disputes and related scheduling matter on June 15, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302.  ECF No. 56

1–4; *see infra*. Request No. 20 seeks "[a]ll documents that show that [Defendant has] interfered with other tenants living in home[/s] where the homeowner was in default." *Id.* at 2 (second alteration in original). Request No. 22 seeks "[a]ll documents that show [Defendant has] authorized on site visits, inspections, or other activities without notice and the homeowner has complained." *Id.* Defendant provided the following deficient objection to both requests: "Green Tree objects to this request on the grounds that it is vague and ambiguous, unduly burdensome, overbroad, calls for a legal conclusion, and seeks production of documents that are not relevant to the claims or defenses of either party." Def.'s Resps. to Reqs. for Produc. of Docs, *in* Pl.'s Mot. 13–14. Consequently, Defendant's response stated that "no documents will be produced in response to [these] request[s]." *Id.* at 13–14.

## II.   DISCOVERY DEFICIENCIES

I note, preliminarily, that neither party is without fault in this discovery dispute. Plaintiff, on the one hand, has failed to comply with a number of discovery rules, local rules, and discovery guidelines, and although proceeding *pro se*, Plaintiff is an attorney and required to be aware of them. *See* July 16, 2012 Mem. & Order 3 n.3, ECF No. 63. First, she has not filed the certificate required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 104.7. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Md. Loc. R. 104.7 ("The Court will not consider any discovery motion unless the moving party has filed [the necessary] certificate."); *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 655 (D. Md. 1997); *Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2011 WL 4828891, at *1 (D. Md. Oct. 3, 2011). Second, Plaintiff's submission does not comply with Local Rule

104.8, which outlines the procedure to be followed when, as here, a party asserts "that the opposing party provided substantially inadequate discovery responses." *Anderson*, 2011 WL 4828891, at \*2; *see id.* (explaining that, under the local rule, once it has been determined that "informal communications [will] not resolve the dispute, the requesting party may serve a motion to compel on the opposing party (not the Court), receive a response, and serve a reply"; "[o]nly after this exchange may the requesting party file the papers with the Court"). Moreover, Local Rule 104.8 provides that the motion to compel is to be served on the opposing party "*within thirty (30) days* of the [moving] party's receipt of the [discovery] response." Loc. R. 104.8.a (emphasis added). Defendant responded, with objections, to Plaintiff's document production requests on March 19, 2012; Plaintiff's Motion to Compel was not filed until June 14, 2012—well beyond the thirty day deadline, and "less than thirty days before the close of discovery." Def.'s Opp'n 4; Pl.'s Mot. 1. Plaintiff's belated filing of her motion to compel more than thirty days after she received Defendant's Rule 34 answer, and so close to the discovery cutoff, is especially troubling because, if granted, it would disrupt the Court's Scheduling Order by extending the discovery deadline beyond that intended by Judge Hollander. For these reasons alone, Plaintiff's motion should be denied. As stated below, however, there are substantive reasons which also require that it be denied.

Defendant, on the other hand, originally responded to Plaintiff's Document Production Requests Nos. 20 and 22 with non-specific, boilerplate objections, alleging, without support from particularized facts, that the requests were vague, ambiguous, unduly burdensome, overbroad, and irrelevant. *See supra.* Such objections clearly disregard the requirement, stated in the Federal Rules of Civil Procedure, this Court's Local Rules, and ample case law, that objections to document production requests must be specific, non-boilerplate, and supported by

particularized facts and that failure to do so waives the objections. *See* Fed. R. Civ. P. 34(b)(2)(B); Loc. R. 104.6; Loc. R. App. A, Discovery Guideline 10.e ("If a party asserts in response to an interrogatory, request for production of documents, or request for admission of facts, that . . . requested discovery is unduly burdensome or expensive, the party making that assertion is expected to disclose, promptly and with particularity, the facts on which it relies to support that contention."); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000); *see also Deakins v. Pack*, No. 1:10-1396, 2012 WL 242859, at *12 (S.D.W. Va. Jan. 25, 2012) ("The party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity." (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000))); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 99 (D. Md. 2003) ("A properly particularized showing of burden . . . identifies evidentiary facts to support the claims of unfair burden or expense." (citation and internal quotation marks omitted)). Put simply, objections that recite "the familiar litany that . . . a document production request is 'overly broad, burdensome, [vague, ambiguous, and/or] irrelevant'"—like those made by Defendant in this case—are plainly deficient. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Against this wealth of authority, Defendant's patently deficient responses are particularly disturbing, and call into question whether Defendant violated Fed. R. Civ. P. 26(g)(1)(B)(i)–(iii). Accordingly, Defendant is ORDERED to show cause within fourteen (14) days why it should not be sanctioned pursuant to Fed. R. Civ. P. 26(g)(3).

## III. THE SUBSTANCE OF PLAINTIFF'S MOTION TO COMPEL

Having noted the deficiencies in the manner in which the parties have addressed this discovery dispute, I now consider the substance of Plaintiff's motion, which turns on the relevance of the material sought by Plaintiff in Document Production Requests Nos. 20 and 22 to the claims in her complaint.

### A. Parties' Relevance Arguments

In her motion, Plaintiff states that Document Production Requests Nos. 20 and 22, which seek information regarding Defendant's past interactions with other tenants and homeowners not involved in this litigation, will result in the discovery of relevant information for several reasons. First, Plaintiff argues that "evidence of specific actions taken by [Defendant] with regard to other homeowners is relevant to prove . . . the existence and strength of a mortgage servicer acting as a collection agent."  Pl.'s Mot. 3.  Similarly, Plaintiff asserts that "evidence showing the nature and effectiveness of any retaliatory actions taken by [Defendant] with regard to other homeowners is particularly relevant to show malice in the trespass claim, intent in the intentional interference claim, and knowledge and disregard [of] duty in the negligence claim." *Id.*  Second, according to Plaintiff, "evidence of [Defendant's] attempts to harass and intimidate is . . . relevant . . . to demonstrate that [Defendant] has engaged in a comprehensive plan and pattern of conduct to cause homeowners to be unable to rent their homes pre-foreclosure when they are still the homeowner and entitled to physical possession." *Id.*  Third, Plaintiff maintains that the material sought "is relevant to establish [that, given] the factual context in which [Defendant] chose to breach contracts," their conduct was "not reasonable or necessary, as required in the deed of trust." *Id.*  Finally, Plaintiff suggests that, even if not "directly and intrinsically relevant to core

5

issues in [her] case, [the] evidence nevertheless would be admissible at trial under Fed. R. Evid. 404(b)" to show proof of motive, intent, preparation, etc. *See id.* at 3–4.

In its response to Plaintiff's motion, Defendant elaborates on its objections to Document Production Requests Nos. 20 and 22, and, for the first time, focuses on substantive matters, particularly on the relevance of the material sought to Plaintiff's claims. *See* Def.'s Opp'n 5–7. According to Defendant, the information sought in Document Production Requests Nos. 20 and 22 is irrelevant because "Plaintiff's claims arise from and are predicated solely upon [Defendant's] alleged conduct relative to Plaintiff and her property." *Id.* at 5. Consequently, Defendant argues, its "conduct with respect to property other than that of Plaintiff and its interactions with other borrowers have absolutely nothing to do with whether [Defendant] engaged in the tortious conduct alleged by Plaintiff *in this case*." *Id.* (emphasis in original). Moreover, none of Plaintiff's claims, Defendant maintains, "require a showing of intent or knowledge," as Plaintiff suggests, nor do they "require her to establish a plan or pattern of conduct to establish liability." *Id.* at 5–6. Thus, in Defendant's view, "Plaintiff's requests are nothing more than a fishing expedition." *Id.* at 6.

**B.  Discussion**

Plaintiff's amended complaint, ECF No. 26, as modified by Judge Hollander's ruling on Defendant's Motion to Strike, ECF No. 27; *see* June 7, 2012 Mem. Op. & Order, ECF Nos. 52 & 53, asserts five causes of action: (1) interference with a business relationship; (2) breach of contract; (3) trespass to land; (4) unlawful debt collection practices in violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a; and (5) negligence per se. Am. Compl. ¶¶ 18–61. Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." *See also* Fed. R. Civ. P. 34(a) (stating that document

production requests must be "within the scope of Rule 26(b)"). In addition, notwithstanding the broad scope of discovery permitted by Rule 26(b)(1), Rule 26(b)(2)(C) requires the Court, on motion or on its own, to limit discovery to insure that it is proportional to what is in dispute in the litigation. Fed. R. Civ. P. 26(b)(2)(C). *See generally Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008). Consequently, I must determine whether the material sought in Plaintiff's Document Production Requests Nos. 20 and 22 is relevant to the causes of action asserted in the complaint, and, if so, whether Plaintiff should be able to obtain it in light of the factors stated in Rule 26(b)(2)(C). I consider each claim separately.

### 1. Interference With a Business Relationship

Under Maryland law,[2] "'the elements of the tort of wrongful interference with contractual business relationships [are] (1) intentional and wilful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitute malice) and (4) actual damage and loss resulting.'" *Ultrasound Imaging Corp. v. Am. Soc. of Breast Surgeons*, 358 F. Supp. 2d 475, 481 (D. Md. 2005) (quoting *Lyon v. Campbell*, 707 A.2d 850, 859–60 (Md. Ct. Spec. App. 1998)). According to Plaintiff, information about Defendant's relationships and interactions with homeowners or tenants other than Plaintiff is relevant to show "intent in the intentional interference claim." Pl.'s Mot. 3. However, to prove this tort, a plaintiff must show only that the defendant interfered with *its* business relations and that, *as to the plaintiff*, it had malicious intent. *Fare Deals Ltd. V. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678, 691 (D. Md. 2001) ("[T]he plaintiff must show that the defendant *specifically intended* to interfere with *its* business relations; mere 'incidental' interference the law takes no

---

[2] Because this case is a diversity action in federal court, Notice of Removal ¶¶ 7–12, Maryland substantive law applies to the merits of the case. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

Case 1:11-cv-02105-ELH   Document 64   Filed 07/27/12   Page 8 of 12

cognizance of." (emphasis added) (citing *K&K Mgmt., Inc. v. Lee*, 557 A.2d 965, 975–77 (Md. 1989))); *see* Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland* 329 (4th ed. 2008) ("[T]he defendant will not be held liable for tortious interference with contractual relations if the defendant's purpose or motive was not directed at the contractual relations *of the plaintiff*." (emphasis added)). Insomuch as Plaintiff's tortious interference with business relationship claim requires Plaintiff to prove intentional and willful acts, it cannot be said that documents showing that Defendant interfered with other tenants living in homes where the homeowner was in default is entirely irrelevant. That said, however, the information sought by definition focuses on transactions other than those at issue here. Thus, the relevance is minimal, particularly because Plaintiff's request is clearly overbroad, as it contains no time or geographical limits for the information sought. The same is true regarding her request for the documents described in Request No. 22. Further, Plaintiff's disregard for the requirement that she file a motion to compel within thirty days of receipt of Defendant's answer objecting to the requests, and her concomitant disregarding of Discovery Guideline 1.f's requirement that she promptly bring this matter to the attention of the Court for resolution strongly suggests that Plaintiff herself accorded little relevance to this information, or else she certainly would not have waited nearly ninety days to file her motion when the local rule requires that it be filed within thirty days. Plaintiff "has had ample opportunity to obtain the information" sought in Requests Nos. 20 and 22, Fed. R. Civ. P. 26(b)(2)(C)(ii), but failed to timely do so.

### 2. Breach of Contract

To prevail in an action for breach of contract under Maryland law, Plaintiff must prove that Defendant "owed [her] a contractual obligation and that [Defendant] breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001); *see also Lemlich v.*

8

*Bd. of Trs.*, 385 A.2d 1185, 1189 (Md. 1978) (explaining that the existence of a contractual obligation requires "an offer by one party and an unconditional acceptance of that precise offer by the other"); *Weiss v. Sheet Metal Fabricators, Inc.*, 110 A.2d 671, 675 (Md. 1955) ("A breach of contract is a failure without legal excuse to perform any promise which forms the whole or part of a contract."). Information relating to Defendant's contractual relationships with other homeowners or tenants is irrelevant to Plaintiff's breach of contract claim. Rather, the breach of contract claim centers on Plaintiff's ability to prove that Defendant owed Plaintiff herself—and no one else—a contractual obligation and that Defendant breached that obligation.[3] *See supra*. In addition, the same observations stated by the Court above regarding Plaintiff's failure to timely bring the dispute over the documents sought by Requests Nos. 20 and 22 to the Court's attention apply equally with respect to her breach of contract claim.

### 3. Trespass to Land

Trespass to land occurs under Maryland law "[w]hen a defendant interferes with a plaintiff's interest in the exclusive possession of land by entering or causing something to enter such land." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250 (D. Md. 2000) (citing *Rosenblatt v. Exxon*, 642 A.2d 180, 189 (Md. 1994)). Plaintiff maintains that evidence related to past interactions with other homeowners is "relevant to show malice in the trespass claim." Pl.'s Mot. 3. However, intent generally, or malice specifically, is not a necessary element of this tort.[4]

---

[3] Plaintiff also claims that the material requested "is relevant to establish the factual context" in which Defendant allegedly breached the contract, which will show that their conduct was "not reasonable or necessary." Pl.'s Mot. 3. However, whether Defendant's conduct was reasonable or necessary in this case, will be judged based on an analysis of the unique facts of this particular case—and not based on an analysis of Defendant's past interactions with unassociated parties.

[4] In Maryland, actual malice is necessary to support an award of punitive damages. *French v. Hines*, 957 A.2d 1000, 1027 (Md. Ct. Spec. App. 2008). *See generally* Sandler & Archibald, *supra*, at 18–21. The information sought in Document Production Requests Nos. 20 and 22 is not, however, relevant to establishing actual malice, which is defined in Maryland law as "an evil

Sandler & Archibald, *supra*, at 157 (citing *Gore v. Jarrett*, 64 A.2d 550, 551 (1949)). Thus, to establish trespass to land, Plaintiff must show: (1) that Defendant entered or caused something to enter Plaintiff's property; and (2) that the entry was not with Plaintiff's consent. *See id.* at 156. Information related to Defendant's past interactions with other property owners—which Plaintiff seeks in Requests Nos. 20 and 22—is not relevant to prove these elements. In addition, the Court's observations above regarding Plaintiff's untimely efforts to obtain this evidence are equally applicable to her trespass to land claim.

### 4. Unlawful Debt Collection

Plaintiff's complaint alleges two violations of the Fair Debt Collection Practices Act. *See* Am. Compl. ¶¶ 53–54. First, she alleges that Defendant violated 15 U.S.C. § 1692d, which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1629e(10), which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." The documents that Plaintiff seeks in Requests Nos. 20 and 22 have minimal, if any, relevance to prove these statutory claims. Moreover, as already noted, Plaintiff waited far too long to file a motion to compel their production.

---

or rancorous motive influenced by hate, the purpose being to deliberately and willfully injury *the plaintiff*." *Roebuck v. Steuart*, 544 A.2d 808, 816 (Md. Ct. Spec. App. 1988) (emphasis added). Defendant's past relationships or interactions with other homeowners or tenants are not relevant to determining whether, as to this particular plaintiff, Defendant acted with malice.

### 5. Negligence Per Se[5]

Under Maryland law, where an applicable statutory scheme is "designed to protect a class of persons," a defendant's duty may be "prescribed by the statute" so that "violation of the statute . . . is itself evidence of negligence." *Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616, 620 (Md. 2003) (citing *Brown v. Dermer*, 744 A.2d 47, 55 (Md. 2000)). To make out a prima facie case for negligence under this theory, "all that a plaintiff must show is: (a) the violation of a statute . . . designed to protect a specific class of persons which includes the plaintiff, and (b) that the violation proximately caused the injury complained of." *Id.* at 621. According to Plaintiff, Defendant owed her a duty under the Fair Debt Collection Practices Act "to not harass and/or annoy the tenant" in the rental property. Am. Compl. ¶ 57. Thus, to succeed on her claim, Plaintiff must show: (1) that she is in the class of persons protected by the statute; (2) that Defendant violated the statute; and (3) that Defendant's violation proximately caused the injury complained of. Proof of these elements does not require any evidence related to Defendant's past interactions with other tenants and homeowners not involved in this litigation.[6] Therefore, the documents sought by Plaintiff in requests Nos. 20 and 22 are irrelevant to this claim and, as noted, Plaintiff delayed far too long in moving to compel their production.

Plaintiff maintains, additionally, that the information sought in Document Production Requests Nos. 20 and 22 is relevant to prove that Defendant "has engaged in a comprehensive

---

[5] Plaintiff's claim is perhaps more accurately characterized as a claim of negligence, where Defendant's duty is defined by statute. Except under a small number of statutes, violation of a relevant statute may be evidence of negligence that establishes the existence of a duty owed to the plaintiff by the defendant, but it "is not negligence per se." *See* Sandler & Archibald, *supra*, at 182–83 (citing *Maurer v. Penn. Nat. Mut. Cas. Ins. Co.*, 945 A.2d 629, 634 (Md. 2007)).

[6] Plaintiff states that the information sought is relevant to showing "knowledge and disregard of duty in the negligence claim." Pl.'s Mot. 3. However, where negligence is established by violation of a statute, the plaintiff need not establish knowledge of a duty of care. Rather, she must show only that the statute was violated, causing her harm. *Brooks*, 835 A.2d at 621.

plan and pattern of conduct to cause homeowners to be unable to rent their homes pre-foreclosure when they are still the homeowner and entitled to physical possession." Pl.'s Mot. 3. None of Plaintiff's stated causes of action require proof of this sort of plan or pattern, nor has she pleaded this in her original or amended complaint. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). Accordingly, the documents Plaintiff seeks are irrelevant.

Finally, Plaintiff states that, even if not "directly and intrinsically relevant to core issues in [her] case, [the] evidence nevertheless would be admissible at trial under Fed. R. Evid. 404(b)" to show proof of motive, intent, preparation, etc. *See id.* at 3–4. This argument is without merit for two reasons. First, "[i]rrelevant evidence is not admissible" under the Federal Rules of Evidence. Fed. R. Evid. 402; *see also* Fed. R. Evid. 401 (defining relevance). Neither should it be discoverable. Second, Plaintiff's nearly three month delay in seeking the information sought in Requests Nos. 20 and 22 has waived her objection to their nonproduction. Loc. R. App. A, Discovery Guideline 1.f.

## IV.  CONCLUSION

For the reasons explained above, Plaintiff's Motion to Compel is DENIED. Defendant is ORDERED to show cause within fourteen (14) days why it should not be sanctioned pursuant to Fed. R. Civ. P. 26(g)(3) for its patently deficient responses to Requests Nos. 20 and 22.

Dated: <u>July 27, 2012</u>                                                      /S/
                                                                              Paul W. Grimm
                                                                              United States Magistrate Judge

hlw